

Please reply to our NEW YORK CITY office

322 West 48th Street, 6th FL        111 Northfield Ave, Suite 208A        517 Brighton Beach Ave., 2nd Floor
New York, NY 10036                  West Orange, NJ 07052                 Brooklyn, NY 11235

Tel. (888) 445-0234 Fax: (646) 843-7570

Yuriy Moshes, Esq.                                                        Gennady Litvin, Esq.
Alex Umansky, Esq.                                                        Jeffrey T. Rosenberg, Esq.
*Members of NJ and NY Bar.*                                               *Members of NY Bar.*

May 22, 2018

**VIA ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Quizhpi v. PSSP NY Inc., et al.**
               **17-CV-0693 (OTW)**

## MOTION FOR SETTLEMENT APPROVAL

Your Honor:

      We represent Plaintiff Juan Bolivar Cuzco Quizhpi ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A." The agreement provides payment of sixty thousand dollars ($60,000.00), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

### BACKGROUND

      Plaintiff filed a Complaint on January 30, 2017 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime wages earned for all work he performed as an employee of Defendant, and failing to provide proper wage notices and wage statements. Defendants answered the Complaint on April 5, 2017, denying all material allegations. The Parties appeared for an initial conference in front

of the Honorable John G. Koeltl on June 2, 2017, after which a scheduling Order was set forth by the Court. Thereafter, the parties exchanged document discovery and submitted a Revised Civil Scheduling Order, which was approved by the Court on January 12, 2018. On March 29, 2018, the parties appeared at a settlement conference before Your Honor during which time the case settled.

## CLAIMS AND DEFENSES

In this case, Plaintiff alleged that he was not paid time-and-a-half his hourly rate for all hours worked in excess of 40 hours per week. Defendants dispute the quantity of time worked as alleged by the Plaintiff. Therefore, in light of the above disputes and risks associated thereof for both parties, the parties agreed to settle the case in order to avoid further litigation, trial, and motion practice.

## SETTLEMENT AMOUNT

Plaintiff alleges that he is owed approximately $236,368.00 in unpaid overtime wages for work performed during his employment with Defendants, as well as $5,000 for NYLL wage notice and statement violations.

As such, Plaintiff's best case award would be $241,368.00. However, Plaintiff recognizes that the damages owed can decrease based on Defendant's proof of hours worked and if the Court does not award liquidated damages either pursuant to the FLSA or the NYLL. Plaintiff also understands that even if he were to succeed at trial, he may not be able to collect due to Defendant's inability to pay on such a large judgment. Thus, a settlement of $60,000.00, which would compensate Plaintiff for a large amount of his unpaid wages and wage statement allegations, is a fair and reasonable settlement reached through the advice of counsel and with the assistance of the Court.

## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover $2,000.00 in costs (See Exhibit "B") added to one-third of the $60,000.00 settlement amount, which equals $20,000.00, for a total of $22,000.00. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424. Plaintiff's counsel requests a lodestar of $400 an hour for Alex Umansky.

By way of background, Alex Umansky is a 2010 graduate of New York Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2010, the New York Bar in February 2011, the United States District Court for the

Southern and Eastern Districts of New York in March 2011. In January 2011, I joined the Law Offices of Jon Norinsberg, focusing almost exclusively on civil rights litigation under the tutelage of one of the most respected civil rights attorneys in New York. From October 2012 until November 2015, I worked for Phillips & Associates, Attorneys at Law, PLLC, as a senior litigation counsel and trial attorney focusing solely in the area of Plaintiff's side employment law. In late November 2015, I joined the Law Office of Yuriy Moshes, P.C. as a partner of the labor and employment litigation group.

As a Plaintiff's employment attorney, I have appeared as an attorney of record in approximately 80 cases in the Eastern District of New York and 130 cases in the Southern District of New York. In the past five years, I have litigated over two hundred (200) employment discrimination cases (including FLSA wage and hour individual cases) in federal and state courts. I have also successfully tried numerous cases to verdict in federal and state courts, most recently winning a $100,000 verdict for a client who was discriminated against due to her sexual orientation, which was upheld by the district court after post-verdict motions. *See Roberts v. United Parcel Service, Inc.*, No. 13-CV-6161 (JBW) (E.D.N.Y. 2015). In the *Roberts* case, the Honorable James Orenstein issued a Report and Recommendation as to Plaintiff's award for attorneys' fees and costs, which was adopted by the Court, in which the Court awarded the undersigned an hourly rate of $350 per hour. *See Roberts*, 13-CV-6161(JBW) (E.D.N.Y. 2015) (Docket No. 97). Further, more recently, in awarding the undersigned the requested hourly rate of $400 per hour, the Court held that "Counsel's rate of $400 per hour falls in range of 'what experienced partners working on wage-and-hour cases bill.'" Court awarded the undersigned an hourly rate of $400 per hour. *See Camas v. Tutto Bene Restaurant, Inc.,* No. 17-CV-8577 (WHP) (Docket No. 12).

The undersigned's requested hourly rate of $400 per hour is well within the range of hourly fees which have been upheld by the Courts in the Southern District for experienced litigators. *See, e.g.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 U.S. Dist. LEXIS 121259, at *63 (S.D.N.Y. Sep. 8, 2016) (the Court awarded attorneys' fees at a rate of $425 per hour for partner in FLSA case); *Lora v. J.V. Car Wash, Ltd.*, No. 11-CV-9010 (LLS) (AJP), 2015 U.S. Dist. LEXIS 155954, at *4-6 (S.D.N.Y. Nov. 18, 2015) (finding $500 per hour to be reasonable rate in FLSA case); *Cordova v. D & D Rest., Inc.*, 14 Civ. 8789, 2015 U.S. Dist. LEXIS 145431, at *9 (S.D.N.Y. Oct. 29, 2015) (awarding $400 per hour); *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256 (JGK) (FM), 2015 U.S. Dist. LEXIS 50323, at *8 (S.D.N.Y. Apr. 7, 2015) (awarding hourly rate of $400); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316 (PAC), 2012 U.S. Dist. LEXIS 127890, at *4 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 F. App'x 1 (2d Cir. 2013) (findings that hourly rates of $550 and $500 were reasonable for partners in FLSA case); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases."); *Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) (holding that rate of $550 per hour in FLSA case was reasonable); *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 U.S. Dist. LEXIS 89981, at *13 (S.D.N.Y. Sept. 29, 2009) (granting a request for attorneys' fees in employment retaliation case at a rate of $500 and $450 per hour for the two lead lawyers); *New York District Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (granting summary judgment in ERISA case and awarding $425 per hour for partners); *Simmonds v. N.Y.C. Dep't of Corr.*, No. 06-CV-5298, 2008 U.S. Dist. LEXIS 74539, at *4-5 (S.D.N.Y. Sept.

16, 2008) (awarding $425/hour to ACLU lead counsel and $425/hour to senior law firm partner in Title VII case that "did not present any unusually complicated factual or legal issues"); *Bernier v. Papagianopolous*, No. 99 Civ. 2000 (MHD), 2006 U.S. Dist. LEXIS 100001, at *1-2 (S.D.N.Y. Oct. 2, 2006) (awarding $400 per hour in attorneys' fees to lead lawyer in § 1983 action); *Ansoumana v. Gristedes Operating Corp.*, No. 00 Civ. 253, 2004 U.S. Dist. LEXIS 3754, at *3 (S.D.N.Y. Jan. 7, 2004) (approving rate of $400 an hour for experienced attorneys in FLSA case); *Raniola v. Bratton*, No. 96 Civ. 4482 (MHD), 2003 U.S. Dist. LEXIS 7199, at *6 (S.D.N.Y. Apr. 21, 2003) (finding rate of $400 per hour reasonable for solo and small firm practitioners).

Thus, the contingency amount of $20,000.00 (excluding costs) is less than the lodestar amount. Alex Umansky's contemporaneous time records can be provided to the Court upon request.

## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (11th Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. 2013) (citing *Johnson v. Brennan,* No.

4

10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating Cm1J.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payout of $60,000.00 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation would have required both parties to invest substantial time and expenses. While Plaintiff believes he will ultimately prevail on his claims, he acknowledges that he faces significant risks to establish damages, and that Plaintiff is entitled to liquidated damages under the FLSA and NYLL. Based on the above, the $60,000.00 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g., Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 2011 WL 3625501, at *I (E.D.N.Y. 2011)(same).

Dated: May 22, 2018

                                           **LAW OFFICE OF YURIY MOSHES, P.C.**

                                           _____/s/_____
Alex Umansky, (AU7961)
Law Office of Yuriy Moshes, P.C.
*Attorneys Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
aumansky@mosheslaw.com
(718) 504-6090

cc: Justin S. Clark, Esq.
Gennadiy Naydenskiy, Esq.
(Via E-mail and ECF)