UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JUAN BOLIVAR CUZCO QUIZHPI,

       Plaintiff,

  -against-

PSSP NY INC., d/b/a SOFIA'S OF LITTLE ITALY, et al.,

       Defendants.
------------------------------------------------------------x

No. 17-CV-693 (OTW)

**OPINION AND ORDER**

ONA T. WANG, United States Magistrate Judge:

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay and for Defendants' alleged failure to provide certain notices required by the NYLL. Following a successful settlement conference before the Court, the parties submitted their settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (*See* ECF 34). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) (ECF 32). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

**I. Background**

Plaintiff alleges that he worked as a cook in Defendants' restaurant from May 1, 2011 through January 3, 2017. Plaintiff alleges that from May 1, 2011 through December 31, 2012, he worked, on average, five days per week for fifty hours per week, but that Defendants paid him a weekly salary of $650 per week, regardless of the number of hours worked. Plaintiff also

alleges that in 2013, 2014, 2015 and from January 2016 through March 31, 2016, he worked, on average, six days per week for seventy-two hours per week and was paid $780 per week, regardless of the number of hours worked. Plaintiff alleges that from April 1, 2016 through about July 31, 2016, his work hours did not change, but that his weekly salary increased to $850 per week. Plaintiff also alleges that his salary increased to $950 per week on August 1, 2016 and that his work hours again remained the same.

Defendants deny Plaintiff's allegations. They assert that, although they failed to keep time records of Plaintiff's hours, they would call witnesses at trial that would testify that Plaintiff did not work as many hours as he claims. Defendants also assert that they had a time-keeping system in place, but that Plaintiff refused to comply with it. Defendants also dispute Plaintiff's assertions regarding the length of his employment and would introduce documentary evidence at trial to support their arguments. Defendants also argue that Plaintiff did not work for Defendants continuously during the time periods alleged in the Complaint.

Plaintiff alleges that he is owed $236,368 in unpaid wages and $5,000 for NYLL wage notice and statement violations. The parties have agreed to resolve the matter for $60,000, inclusive of attorneys' fees and costs, in installment payments as set forth in the settlement agreement. Plaintiff would receive $38,000 and Plaintiff's counsel would receive $20,000 in fees, representing one-third of the settlement amount, and $2,000 in costs, pursuant to Plaintiff's professional services-contingency fee agreement with his counsel.

The parties reached their proposed settlement during a settlement conference before the undersigned on March 29, 2018, which was attended by their parties and their counsel.

After lengthy discussions regarding the strengths and weaknesses of the parties' respective positions, the parties agreed to settle the matter for $60,000.

**II. Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The U.S. Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

**A. Range of Recovery**

First, the settlement awards Plaintiff with approximately 25% of Plaintiff's asserted unpaid wages calculation. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

3

**B. Burden and Expense of Trial**

Second, the settlement enables the parties to avoid the burden and expense of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. The parties dispute both the number of hours worked by Plaintiff and the length of his employment. Because there are no records of Plaintiff's hours, the parties would have to rely on their own recollections and the recollections of others to prove how many hours Plaintiff worked. *See Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

**C. Litigation Risk**

Third, the settlement will enable the Plaintiff to avoid the risks of litigation. Plaintiff faces the risk that a fact finder may credit Defendants' witnesses' testimony that Plaintiff did not work as many hours as he claims. Thus, whether and how much he would recover at trial is uncertain. *See McMahon v Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

**D. Arm's Length Negotiation**

Fourth, this settlement was reached after negotiation during a settlement conference before the Court, and therefore, the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel were zealous advocates for their clients at the settlement conference. *See Medina v. Almar Sales Co., Inc.*, 16-CV-4107, 2017 WL 3447990, at *2 (S.D.N.Y. Aug. 10, 2017).

**E. Risk of Fraud or Collusion**

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. The fact that it was reached after a settlement conference before the Court reinforces the settlement's legitimacy. *See Gonzales v 27 W.H. Bake, LLC*, 15-CV-4161, 2018 WL 1918623, at *3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims based on Plaintiff's employment up to the date the agreement was signed, and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.") (citing cases).

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

**III. Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: New York, New York
June 11, 2018

    *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge